CONSTITUTIONAL VIOLATION COMMITTED BY STATE OFFICIALS...

1    <u>**PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**</u>

2    Name  <u>STAICH        IVAN        V.</u>
           (Last)        (First)      (Initial)

3    Prisoner Number <u>#E-10079.</u>

4    Institutional Address <u>P.O.Box 689, Soledad, Ca. 93960</u>

5

6

7                    **UNITED STATES DISTRICT COURT**
                    **NORTHERN DISTRICT OF CALIFORNIA**

8        IVAN VON STAICH,

9    (Enter the full name of plaintiff in this action.)

                                          CV  08        2068
                    vs.                   Case No. _____
10       Ben Curry, et al.,               (To be provided by the clerk of court)

11                                        **PETITION FOR A WRIT**
                                          **OF HABEAS CORPUS**
12   _____           DELIBERATE VIOLATION OF
                                          PETITIONER'S STATUTORY
13   _____           RIGHT TO A FAIR & IMPARTIAL
                                          HEARING BEFORE THE LOCAL
14   (Enter the full name of respondent(s) or jailor in this action)   COURT UNDER P.C. §2966 (b);

15       See Exhibit "B" for Cal. Supreme Court denial.

16       <u>Read Comments Carefully Before Filling In</u>
         DELIBERATE REFUSAL OF STATE COURTS TO FOLLOW THE MANDATES
17   <u>When and Where to File</u> SET FORTH IN Jackson v. Indiana, 406 U.S. 715, 737-738
                                (1972); <u>Baxstrom v. Herold</u>, 383 U.S. 107, 111-112 (1966);
18       You should file in the Northern District if you were convicted and sentenced in one of these
                                Hunpry v. Cady, 405 U.S. 504, 511 (1972);
19   counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa,
                                Vitek v. Jones, 445 U.S. 480, 492 (1980).
20   San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma.  You should also file in

21   this district if you are challenging the manner in which your sentence is being executed, such as loss of

22   good time credits, and you are confined in one of these counties.  Habeas L.R. 2254-3(a).

23       If you are challenging your conviction or sentence and you were <u>not</u> convicted and sentenced in

24   one of the above-named fifteen counties, your petition will likely be transferred to the United States

25   District Court for the district in which the state court that convicted and sentenced you is located.  If

26   you are challenging the execution of your sentence and you are not in prison in one of these counties,

27   your petition will likely be transferred to the district court for the district that includes the institution

28   where you are confined.  Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS        - 1 -

DELIBERATE REFUSAL OF STATE COURTS TO FOLLOW THE MANDATES
SET FORTH IN Jackson v. Indiana, 406 U.S. 715, 737-738
(1972); Baxstrom v. Herold, 383 U.S. 107, 111-112 (1966);
Hunpry v. Cady, 405 U.S. 504, 511 (1972);
Vitek v. Jones, 445 U.S. 480, 492 (1980).

Who to Name as Respondent

You must name the person in whose actual custody you are. This usually means the Warden or jailor. Do not name the State of California, a city, a county or the superior court of the county in which you are imprisoned or by whom you were convicted and sentenced. These are not proper respondents.

If you are not presently in custody pursuant to the state judgment against which you seek relief but may be subject to such custody in the future (e.g., detainers), you must name the person in whose custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack was entered.

A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

1. What sentence are you challenging in this petition?

    (a)    Name and location of court that imposed sentence (for example; Alameda

    County Superior Court, Oakland) ORANGE COUNTY SUPERIOR COURT
    700 Civic Center Dr. West
    Santa Ana, Ca. 92701

    Court                          Location

    (b)    Case number, if known _____ C-53851.

    (c)    Date and terms of sentence _____ Arrested Dec. 7, 1983 and
    sentencec May 30, 1986.

    (d)    Are you now in custody serving this term? (Custody means being in jail, on

    parole or probation, etc.)          Yes<sup>X</sup>_____    No _____

    Where?

    Name of Institution: _____ CTF-Soledad State Prison

    Address: _____ P.O. Box 689, Soledad, Ca. 93960.

2. For what crime were you given this sentence? (If your petition challenges a sentence for more than one crime, list each crime separately using Penal Code numbers if known. If you are challenging more than one sentence, you should file a different petition for each sentence.)

Currently serving a one count second degree murder under Cal. Penal Code §190. Note: Petitioner has now served over 35 years in prison with all credit calculations, and was just found to be a danger to public safety by the BPH on May 10, 2007, without justification for this action under CCR §2281(a).

PET. FOR WRIT OF HAB. CORPUS          - 2 -

DELIBERATE REFUSAL OF STATE COURTS TO FOLLOW THE MANDATES
SET FORTH IN Jackson v. Indiana, 406 U.S. 715, 737-738
(1972); Baxstrom v. Herold, 383 U.S. 107, 111-112 (1966);
Hunpry v. Cady, 405 U.S. 504, 511 (1972);
Vitek v. Jones, 445 U.S. 480, 492 (1980).

1    3. Did you have any of the following?

2        Arraignment:                          Yes _X_    No _____

3        Preliminary Hearing:                  Yes _X_    No _____

4        Motion to Suppress:                   Yes _____  No _X_

5    4. How did you plead?

6        Guilty _____   Not Guilty _X_   Nolo Contendere _____

7        Any other plea (specify) _____

8    5. If you went to trial, what kind of trial did you have?

9        Jury _X_     Judge alone _____   Judge alone on a transcript _____

10   6. Did you testify at your trial?             Yes _____  No _X_

11   7. Did you have an attorney at the following proceedings:

12       (a)   Arraignment                    Yes _X_    No _____

13       (b)   Preliminary hearing            Yes _X_    No _____

14       (c)   Time of plea                   Yes _____  No _____

15       (d)   Trial                          Yes _X_    No _____

16       (e)   Sentencing                     Yes _X_    No _____

17       (f)   Appeal                         Yes _X_    No _____

18       (g)   Other post-conviction proceeding   Yes _X_    No _____

19   8. Did you appeal your conviction?           Yes _X_    No _____

20       (a)   If you did, to what court(s) did you appeal?

21             Court of Appeal                 Yes _X_    No _____

22             Year: 1989.   Result:THE VERDICT AND SENTENCE ARE AFFIRMED

23             Supreme Court of California     Yes _X_    No _____

24             Year: 1989.   Result: PETITION FOR REVIEW DENIED

25             Any other court                 Yes _____  No _X_

26             Year: _____   Result:_____

27

28       (b)   If you appealed, were the grounds the same as those that you are raising in this

PET. FOR WRIT OF HAB. CORPUS        - 3 -

DELIBERATE REFUSAL OF STATE COURTS TO FOLLOW THE MANDATES
SET FORTH IN Jackson v. Indiana, 406 U.S. 715, 737-738
(1972); Baxstrom v. Herold, 383 U.S. 107, 111-112 (1966);
Hunpry v. Cady, 405 U.S. 504, 511 (1972);
Vitek v. Jones, 445 U.S. 480, 492 (1980).

1          petition?            Yes _____     No _X_

2      (c)    Was there an opinion?      Yes _X_     No_____

3      (d)    Did you seek permission to file a late appeal under Rule 31(a)?

4                                        Yes _____     No_X_

5          If you did, give the name of the court and the result:

6          _____

7          _____

8   9. Other than appeals, have you previously filed any petitions, applications or motions with respect to

9 this conviction in any court, state or federal?        Yes _____    No_X_

10       [Note: If you previously filed a petition for a writ of habeas corpus in federal court that

11 challenged the same conviction you are challenging now and if that petition was denied or dismissed

12 with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit

13 for an order authorizing the district court to consider this petition. You may not file a second or

14 subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28

15 U.S.C. §§ 2244(b).]

16      (a)    If you sought relief in any proceeding other than an appeal, answer the following

17             questions for each proceeding. Attach extra paper if you need more space.

18        I.    Name of Court: _" N/A  DIRECT APPEAL FROM JURY TRIAL "_

19                Type of Proceeding: _____

20                Grounds raised (Be brief but specific):

21                  a._____

22                  b._____

23                  c._____

24                  d._____

25                  Result: _____Date of Result:_____

26        II.    Name of Court: _____

27                Type of Proceeding: _____

28                Grounds raised (Be brief but specific):

a._____

b._____

c._____

d._____

Result: _____ Date of Result:_____

III.    Name of Court: _____

Type of Proceeding: _____

Grounds raised (Be brief but specific):    None.

a._____

b._____

c._____

d._____

Result: _____ Date of Result:_____

IV.    Name of Court: _____

Type of Proceeding: _____

Grounds raised (Be brief but specific):
    None.

a._____

b._____

c._____

d._____

Result: _____ None. _____ Date of Result:_____

(b)    Is any petition, appeal or other post-conviction proceeding now pending in any court?

Yes_____    No___x

Name and location of court: ___None._____

B. GROUNDS FOR RELIEF

State briefly every reason that you believe you are being confined unlawfully. Give facts to

support each claim. For example, what legal right or privilege were you denied? What happened?

Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS    - 5 -

1   need more space. Answer the same questions for each claim.

2        [Note: You must present ALL your claims in your first federal habeas petition. Subsequent

3   petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4   499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5        Claim One: Petitioner Incorporates the attached Habeas Petition

6            Setting Forth Grounds For Relief As If Fully Set Forth Herein.

7        Supporting Facts: See Attached Habeas Petition.

8

9

10

11       Claim Two: Petitioner Incorporates the attached Habeas Petition

12           Setting Forth Grounds For Relief As If Fully Set Forth Herein.

13       Supporting Facts: See Attached Habeas Petition.

14

15

16

17       Claim Three:

18

19       Supporting Facts:

20

21

22

23       If any of these grounds was not previously presented to any other court, state briefly which

24   grounds were not presented and why: See attached petition.

25   ALL THE RELEVANT FACTS AND UNITED STATES SUPREME COURT CITATIONS
     HAVE BEEN PRESENTED TO ALL THREE STATE COURTS, WHICH REFUSE TO

26   FOLLOW THE MANDATES THEREIN. PETITIONER HAS A U.S. SUPREME COURT
     MANDATED RIGHT TO A JURY TRIAL IN THE LOCAL STATE COURT PROVING

27   HE IS NOT A DANGER TO PUBLIC SAFETY. SEE Baxstrom v. Herold, 383
     U.S. 107, 111-112 (1966); Jackson v. Indiana, 406 U.S. 715, 737-

28   738 (1972); Humpry v. Cady, 405 U.S. 504, 511 (1972); Vitek v.
     Jones, 445 U.S. 480, 492 (1980).

1        List, by name and citation only, any cases that you think are close factually to yours so that they

2    are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning

3    of these cases:

4    Please see attached habeas petition for all claims.

5    _____

6    _____

7    Do you have an attorney for this petition?              Yes_____    No__x__

8    If you do, give the name and address of your attorney:

9    Petitioner is presenting these claims in Pro Se.

10       WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11   this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

12

13   Executed on    4-7-08          Ivan Von Staich

14             Date                   Signature of Petitioner

15                            IVAN VON STAICH
                         Petitioner In Pro Se

16                            Without Bar Licensed Counsel

17

18   DELIBERATE REFUSAL OF STATE COURTS TO FOLLOW THE MANDATES
     SET FORTH IN Jackson v. Indiana, 406 U.S. 715, 737-738

19        (1972); Baxstrom v. Herold, 383 U.S. 107, 111-112 (1966);
     Hunpry v. Cady, 405 U.S. 504, 511 (1972);

20        Vitek v. Jones, 445 U.S. 480, 492 (1980).
(Rev. 6/02)

21

22

23

24

25

26

27

28

PET. FOR WRIT OF HAB. CORPUS          - 7 -

1  IVAN VON STAICH
   Prison No. E-10079 CW-137L
2  Central Training Facility
   Post Office Box 689
3  Soledad, Ca. 93960

4  (Petitioner In Pro Se)

5

6              UNITED STATES DISTRICT COURT

7              NORTHERN DISTRICT OF CALIFORNIA

8                       * * *

9

10 IVAN VON STAICH,                    )    Case No._____
                                       )
11              Petitioner,            )    PETITIONER'S FEDERAL DUE
                                       )    PROCESS RIGHTS ARE BEING
12      v.                             )    DENIED BY STATE OFFICIALS
                                       )    WHO ARE KEEPING PETITIONER
13 Ben Curry, Warden CTF-Soledad       )    IN PRISON FOR THE REST OF
   State Prison, et al.,               )    LIFE, BASE ON AN ALLEGED
14                                     )    CURRENT DANGEROUSNESS TO
              Defendants.              )    PUBLIC SAFETY, WITHOUT ANY
15 _____  )    MDO HEARING SHOWING THAT
                                            PETITIONER IS CURRENTLY A
16                                          DANGEROUS PERSON

17                      I. INTRODUCTION

18      Petitioner  Ivan  Von  Staich,  maintains  that  California

19 BPH Commissioners are currently illegally holding him in prison

20 for the rest of his life based solely on the relevant language

21 set forth in Cal. Penal Code §3041 subd. (b). The relevant

22 language of Cal. Penal Code §3041 (b) being used to keep

23 Petitioner in prison for life is as follows: "a panel shall

24 set a release date unless it determines that the gravity of

25 the current convicted offense or offenses, or the timing and

26 gravity of the current or past convicted offense or offenses,

27 is such that consideration of the public safety requires a

28                    PAGE-1-ATTACHED PETITION

1   more  lengthy  period  of  incarceration."  Petitioner  also

2   maintains that Cal. Code Regs. tit. 15, §2281(A) is used in

3   combination with Cal. Penal Code §3041 subd. (b), and together

4   the  language  therein  is  used  to  find  a  prisoner  currently

5   poses  a  threat  to  public  safety.    In  accordance  with  Cal.

6   Penal  Code  §2966  subd.  (b)  any  prisoner  can  challenge  the

7   current threat to public safety used by the BPH Commissioners.

8   However, because the BPH Commissioners have repealed the BPH

9   hearing  process  as  set  forth  in  Cal.  Code  Regs.  tit.  15,

10  therefore,  inmates  now  have  absolutely  no  other  remedy  to

11  challenge  the  BPH  hearing  or  any  appeal  system  to  request

12  §2966  subd.  (b)  MDO  remedy,  with  the  exception  of  the  state

13  and  federal  courts.    See  Cal.  Code  Regs.  tit.  15,  §3901.5.1

14  Parole  Hearing  Appeal  Procedures  (Repealed  4-15-03);  also

15  every  other  area  dealing  with  inmate  requests  for  MDO  hearings

16  under  the  appeal  process  have  been  completely  repealed,  such

17  as  §3901.5.2;  §3901.5.3;  §3901.5.4;  §3901.5.6;  §3901.5.7

18  (Repealed on 4-15-03).  Therefore, there is NO viable appeal

19  system  available  for  indeterminately  sentenced  inmates  to

20  request a hearing or challenge the BPH Commissioners  findings

21  of current dangerousness to public safety.

22      Petitioner  is  requesting  a  fair  and  impartial  hearing

23  in  accordance  with  the  mandates  set  forth  in  **Jackson  v.**

24  **Indiana**, 406 U.S. 715, pp. 737-738, 92 S.Ct. 1845, 31 L.Ed.2d

25  435 (1972); **Humpry v. Cady**, 405 U.S. 504, 511, 92 S.Ct. 1048,

26  1053 (1972); and **Baxstrom v. Herold**, 383 U.S. 107, 111-112,

27  86 S.Ct. 760, 15 L.Ed.2d 620 (1966) (that mandates the right

28                          PAGE-2-ATTACHED PETITION

1   to a jury determination on "current dangerousness" to public

2   safety, which is due to the inmate nearing the end of a

3   sentence.)  Petitioner is challenging the BPH Commissioners

4   May 9-10, 2007 parole hearing where the Commissioners denied

5   parole because Petitioner is currently a threat to public

6   safety after nearly 25 years of incarceration.

7                II. MEMORANDUM OF POINTS AND AUTHORITIES

8   A. Petitioner's Indeterminate Sentence is Covered Under Cal.
    Penal Code §2966 subd. (b).

9

10      Petitioner has requested a jury trial to prove he is

11  not a threat to public safety as set forth under Cal. Penal

12  Code §2966 subd. (b).[1/]  Petitioner is currently serving an

13  indeterminate term based on his 1983 one count second degree

14  murder conviction. See Cal. Penal Code §190.  The California

15  Courts have recognize that the provisions of Cal. Penal Code

16  ───────────────────────────────────────────────────────────

17  Fn 1/ Petitioner alleges that he has no administrative remedy to request
    a BPT hearing under Cal. Penal Code §2966 subd. (a), which states: "A

18  prisoner may request a hearing before the Board of Prison Terms, and the
    board "SHALL" conduct a hearing if so requested, for the purpose of proving
    that the prisoner meets the criteria in Section 2962." Because the BPH

19  Commissioners on May 10, 2007 found Petitioner unsuitable for parole based
    solely on the fact that he poses a threat to public safety, the BPH

20  Commissioners must backup that finding and therefore, Petitioner now invokes
    his right to a "jury trial" in accordance with Cal. Penal Code §2966 subd.

21  (b), which states: "A prisoner who disagrees with the determination of
    the Board of Prison Terms that he or she meets the criteria of Section

22  2962, may file in the superior court of the county in which he or she is
    incarcerated or is being treated a petition for a hearing on whether he

23  or she, as of the date of the Board of Prison Terms hearing, met the
    criteria of Section 2962." When the BPH Commissioners decided they were

24  going to deny parole by stating Petitioner posed a threat to public safety,
    they were in fact making a statement that Petitioner was mentally unfit

25  to be a part of society again. (See May 9-10, 2007 BPH transcripts where
    the Commissioners stated on the record that Petitioner's current

26  dangerousness posed a threat to public safety, attached hereto as Exhibit
    "A".)

27                      PAGE-3-ATTACHED PETITION

28

1 §2966 subd. (b) applies to all prisoners whether sentenced

2 under a determinate term under P.C. §1170 or under P.C. §1168

3 as an indeterminate term enacted at an earlier date. **People**

4 **v. Gibson** (1988) 252 Cal.Rptr. 56, 58 fn. 7.

5 B. Petitioner Maintains That an "MDO" Hearing Based on a
Criminal Conviction is not a Civil Hearing and Therefore,

6 a Jury Trail Determination in This Case is Warranted.

7 Petitioner maintains that his requested "MDO" assessment

8 in the local superior court is not considered a civil hearing

9 and should be granted. See **People v. Coronado** (Cal.App. 2

10 Dist. 1994) 33 Cal.Rptr.2d 835, 838, 28 Cal.App.4th 1402

11 ("Mentally Disordered Offender (MDO) has been convicted of

12 a felony and will be released to parole absent MDO finding,

13 and this is not civil in nature even though legislature has

14 so declared it in the penal code section pertaining to MDO

15 proceedings"); also see **Conservatorship of Hofferber** (Cal.1980)

16 28 Cal.3d 161, 167 Cal.Rptr. 854, 866 ("Involuntary confinement

17 for mental illness **or dangerousness**, whether civil **or criminal**,

18 involves loss of liberty and substantial stigma. Fact-finding

19 error must be minimized when such drastic consequences are

20 at stake. Hence, the facts that trigger confinement must

21 generally be proved to a unanimous jury beyond a reasonable

22 doubt"); and **Conservatorship of In re Ben C.** (Cal.2007) 40

23 Cal.4th 529, 53 Cal.Rptr.3d 856, 860 ("It is incarceration

24 against one's will, whether it is called "criminal" or "civil."

25 In re Gault (1967) 387 U.S. 1, 50, 87 S.Ct. 1428, 18 L.Ed.2d

26 527.)

PAGE-4-ATTACHED PETITION

27

28

C. Petitioner Maintains That in Accordance the United States Supreme Court he is Entitled to a Jury Trial Based on the BPH Commissioners Assessment That Petitioner is Currently a Threat to Public Safety, and That Petitioner Would Have Been Released if not for the BPH Commissioners Public Safety Current Dangerousness Assessment.

Petitioner absolutely maintains that he is entitled to a jury trial to prove whether he is currently dangerous and a threat to public safety. Because Petitioner has served beyond his minimum 15 year sentence for second degree murder. See **Hayward v. Marshall**, 512 F.3d 536, 543 (9th Cir.2008) (Some evidence of the existence of a particular factor "**DOES NOT**" necessarily equate to some evidence the parolee's release unreasonably "**endangers the public safety**"); also see **Vitek v. Jones**, 445 U.S. 480, 492, 100 S.Ct. 1254, 1263, 63 L.Ed.2d 552 (1980) ("a convicted felon serving his sentence has a liberty interest, not extinguished by his confinement as a criminal, in not being transferred to a mental institution and hence classified as mentally ill without appropriate procedures to prove he was mentally ill"); and **Baxstrom v. Herold**, 383 U.S. 107, 111-112, 86 S.Ct. 760, 15 L.Ed.2d 620 (1966) ("a convicted criminal who allegedly was mentally ill was entitled to release at the end of his term unless the State committed him in a civil proceeding. There is no conceivable basis for distinguishing the commitment of a person who is nearing the end of a penal term from all other civil commitments"); and **Jackson v. Indiana** (1972) 406 U.S. 715, 737-738, 92 S.Ct. 1845, 1857-1858, 32 L.Ed.2d 435 ("incompetent criminal defendant is "gravly disabled" because he is currently

PAGE-5-ATTACHED PETITION

1  dangerous as a result of a mental disease, defect, or disorder
2  must follow a hearing addressed to that specific issue.")

3       Petitioner has served beyond his minimum 15 year sentence
4  and is currently being held in the CDC&R prison system as
5  a threat to public safety under Cal. Penal Code §3041 subd.
6  (b). As stated in **Baxstrom**, 383 U.S. at 111-12, any person
7  who is nearing the end of a penal term is entitled to a jury
8  trial to prove the person does not have a mental disease,
9  and can be released on parole at no threat to public safety.
10 Petitioner has served beyond his minimum 15 year term as
11 required under Hayward, 512 F.3d at 566. Also with all credits
12 calculated in this case Petitioner has served over 35 years
13 on this sentence, which is beyond any first degree murder
14 sentence. Therefore, Petitioner is at the end of his sentence
15 as stated in Baxstrom and should be afforded a due process
16 hearing where Petitioner can refute the BPH Commissioners
17 current dangerousness assessment on May 9-10, 2007, which
18 is the sole reason Petitioner is being held in prison. The
19 BPH Commissioners have not presented any evidence that
20 Petitioner is a current danger to public safety and that this
21 alleged current dangerousness is based on some type of mental
22 disease or personality disorder. See **Heller v. Doe** (1993)
23 509 U.S. 312, 314-315, 113 S.Ct. 2637, 125 L.Ed.2d 257 (Proof
24 of dangerousness requires additional factors, such as 'mental
25 illness' or 'personality disorder.')

26 D. Petitioner is Being Denied a Fair & Impartial MDO Hearing
   to Prove he is not Currently a Danger to Public Safety.

27
                    PAGE-6-ATTACHED PETITION
28

1  Petitioner is being denied a fair & impartial hearing
2  within the local court under Cal. Penal Code §2966 subd. (b).
3  Petitioner maintains that the sole reason he is being held
4  in prison past his minimum second degree murder sentence is
5  due to the BPH Commissioners assessment that he is currently
6  a danger to public safety under Cal. Penal Code §3041 subd.
7  (b). Petitioner maintains that he is not a threat to anyone
8  in the public and should be released from prison.  The Supreme
9  Court stated in **Zinerman v. Burch**, "the Due Process Clause
10 contains a substantive component that bars certain arbitrary,
11 wrongful government actions regardless of the fairness of
12 the procedures used to implement them." 492 U.S. 113, 125,
13 110 S.Ct. 975, 983, 108 L.Ed.2d 100 (1990); and **Daniels v.**
14 **Williams**, 474 U.S. 327, 331, 106 S.Ct. 662, 664-665, 88 L.Ed.2d
15 662 (1986) ("Freedom from bodily restraint has always been
16 at the core of the liberty protected by the Due Process Clause
17 from arbitrary government action"); see also **Youngberg v.**
18 **Romeo**, 457 U.S. 307,, 316, 102 S.Ct. 2452, 2458, 73 L.Ed.2d
19 28 (1982); and **United States v. Salerno**, 481 U.S. 739, 750,
20 107 S.Ct. 2095, 2103, 95 L.Ed.2d 697 (1987) ("always been
21 careful not to minimize the importance and fundamental nature
22 of the individual's right to liberty.")   In addition, "a
23 prisoner is not wholly stripped of constitutional protections
24 when he is imprisoned for a crime." **Wolff v. McDonnell**, 418
25 U.S. 539, 555, 94 S.Ct. 2963, 2974, 41 L.Ed.2d 935 (1974).
26 Among the constitutional protections prisoners retain are
27 those safeguarded by the Due Process Clause. Id. at 556, 94
28                         PAGE-7-ATTACHED PETITION

1  S.Ct. at 2474-2475.

2       Consequently, while in custody, prisoners may not further

3  be deprived of life, liberty, or property without due process

4  of law. Id.

5  E. Petitioner Asserts that California Courts are Releasing
   Murderers who were Found not guilty because they are Criminally
6  Insane at the Time They Committed Their Murder.

7       Petitioner asserts that California is releasing murderers

8  everyday of the year, which were found not guilty of murder

9  as a criminally insane person. As stated in **People v. Cross**

10 (CalApp. 2 Dist. 2005) 25 Cal.Rptr.3d 186, 190 ("Under Section

11 1026.2 the trial court must determine whether the applicant

12 "would be a danger to the health and safety of other, due

13 to the mental defect, or disease, if under Supervision and

14 treatment in the community." (§1026.2, subd. (e).)  If the

15 court determines the applicant will not, the court "Shall"

16 order the applicant to be placed with an appropriate forensic

17 conditional release program for one year. (Ibid.)  Under

18 section 1604, subdivision (c), the court also "shall" consider

19 the circumstances and nature of the criminal offense leading

20 to commitment and shall consider the person's prior criminal

21 history." Under section 1602, subdivision (a)(3), the court

22 must sepcifically approve the recommondation and plan for

23 outpatient status." Id.

24      Petitioner maintains that if murderers are being released

25 to outpatient status after less then 10 years, why is he still

26 being held as a threat to public safety after nearly 25

27 straight years.  This line of reasoning makes absolutely no

28                    PAGE-8-ATTACHED PETITION

1     sense.  All a criminally insane person needs to be released

2     to outpatient status Cal. Penal Code §1602, subdivision (a)(3)

3     is for a psychological evaluation showing he is no longer

4     a threat to public safety.  However, to the contrary, even

5     if Petitioner has an updated psychological evaluation report,

6     the BPH Commissioners just override the favorable report and

7     found the prisoners poses a current danger to public safety.

8     This action by the BPH Commissioners is hardly fair.  Just

9     as inmates who are found not guilty of murder because they

10     were criminally insane, and are now being released to

11     outpatient status after a court hearing, Petitioner too should

12     be granted a fair and impartial due process hearing under

13     Cal. Penal Code §2966 subd. (b).  See also **Ley v. State**

14     (Cal.App. 2 Dist. 2004) 8 Cal.Rptr.3d 642, 647 (where

15     criminally insane at time of crime murderer ordered released

16     to outpatient status under §1604 et seq..)

17                   Conclusion

18       Wherefore, based on the foregoing, Petitioner should

19     be granted a fair and impartial hearing in the local court

20     where he can present evidence that is not a threat to public

21     safety and should be released on parole.

22     Dated this____day of April, 2008.

23                            Respectfully Submitted,

24

25

26                            IVAN VON STAICH
                            Petitioner In Pro Se
                            Without Bar Licensed Counsel

27

28                 PAGE-9-ATTACHED PETITION

**E X H I B I T "A"**

SUBSEQUENT PAROLE CONSIDERATION HEARING

STATE OF CALIFORNIA

BOARD OF PAROLE HEARINGS

In the matter of the Life )     CDC Number:  E-10079
Term Parole Consideration  )
Hearing of:                )
                           )
IVAN STAICH                )     INMATE COPY
_____  )

CORRECTIONAL TRAINING FACILITY

SOLEDAD, CALIFORNIA

MAY 9 & 10, 2007

12:58 P.M.

PANEL PRESENT:

STAN KUBOCHI, Presiding Commissioner
ED ALVORD, Deputy Commissioner

OTHERS PRESENT:

IVAN STAICH, Inmate
MATTHEW LOCKHART, Deputy District Attorney

CORRECTIONS TO THE DECISION HAVE BEEN MADE

_____No      See Review of Hearing
_____Yes     Transcript Memorandum

Sarah M. Collins, Capitol Electronic Reporting

79

1           CALIFORNIA BOARD OF PAROLE HEARINGS

2                   D E C I S I O N

3     **DEPUTY COMMISSIONER ALVORD:**  Okay.  We're back on

4 the record.  The time is 3:12.

5     **PRESIDING COMMISSIONER KUBOCHI:**  We're back on

6 record on the Subsequent Parole Consideration Hearing of

7 Ivan Staich.  And Mr. Staich, I want to advise you that

8 we reviewed all information received from the public.

9 And before giving our decision I want you to know that

10 we seriously considered all the facts that you have told

11 us.  And in reviewing Section 2281, I think it's

12 informative in regard to the factors that we consider

13 because you have repeatedly indicated the static nature

14 of the crime that happened in 1983.  And you are correct

15 in that those facts could never change.

16     And it has been many, many years since your

17 commitment to state prison.  And I'm sure that that time

18 has weighed heavily on you.  And Section 2281 talks

19 about and describes determination of suitability in

20 Subdivision A it says, regardless of the length of time

21 served, a life prisoner shall be found unsuitable for

22 and denied parole if, in the judgment of the Panel, the

23 prisoner will pose an unreasonable risk of danger to

24 society if released from prison.

25 **IVAN STAICH      E-10079      DECISION PAGE 1      5/9-10/07**

E X H I B I T   "B"

Court of Appeal, Sixth Appellate District - No. H032392
**S160204**

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

In re IVAN VON STAICH on Habeas Corpus

The petition for review is denied.

George, C.J., and Corrigan, J., were absent and did not participate.

SUPREME COURT
**FILED**

FEB 2 7 2008

Frederick K. Ohlrich Clerk

Deputy

*Baxter*

Acting Chief Justice

## PROOF OF SERVICE BY MAIL
### BY PERSON IN STATE CUSTODY
(C.C.P. §§ 1013(A), 2015,5)

I, **Ivan Von Staich**
_____, declare:

I am over 18 years of age and I am party to this action.  I am a

resident of CORRECTIONAL TRAINING FACILITY prison, in the County

of Monterrey, State of California.  My prison address is:

> **Ivan Von Staich** ___, CDCR #: **E-10079**___
> CORRECTIONAL TRAINING FACILITY
> P.O. BOX 689, CELL #: **C-137u**___
> SOLEDAD, CA  93960-0689.

On  **4~7-08**_____, I served the attached:

**Petition for Writ Of Habeas Corpus.**

_____

on the parties herein by placing true and correct copies

thereof, enclosed in a sealed envelope (verified by prison

staff), with postage thereon fully paid, in the United States

Mail in a deposit box so provided at the above-named institution

in which I am presently confined.  The envelope was addressed as

follows:

**Attorney General Office**
**455 Golden Gate Ave., Suite 11000**
**San Francisco, Ca. 94102-7004**

**Northern District Federal Court**
**450 Golden Gate Ave.,**
**San Francisco, Ca. 94102-3483**

**Attn: Filing Clerk for Hon. Judge: Phyllis J. Hamilton**

I declare under penalty of perjury under the laws of the

State of California that the foregoing is true and correct.

Executed on **4-7-08**_____

**Ivan Von Staich, E-10079 C-137u**
Declarant

Evan Von Staich
E10079 CW-137L
P.O. Box 689
Soledad, Ca. 93960

RECEIVED
18 2008

Northern District
of California
450 Golden Gate