UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IVAN VON STAICH,

        Petitioner,                    No. C 08-2068 PJH (PR)

  vs.                                  **ORDER OF DISMISSAL**

BEN CURRY, Warden,

        Respondent.
                                      /

Petitioner, a California prisoner currently incarcerated at the Correctional Training Facility, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He also requests leave to proceed in forma pauperis.

The petition attacks denial of parole, so venue is proper in this district, which is where petitioner is confined. *See* 28 U.S.C. § 2241(d).

## BACKGROUND

An Orange County jury convicted petitioner of second-degree murder. He received a sentence of fifteen years to life in prison. The petition is directed to a denial of parole on May 10, 2007. Although he does not say so in the petition, he has attached a denial of a state habeas petition by the California Supreme Court on February 27, 2008, which implies that he has exhausted by that route.

## DISCUSSION

**A.    Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §

2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.    Claim Presented**

Petitioner's argument is somewhat convoluted, but in essence he contends that the Board of Parole Hearings' determination that he should not be released because he would be a danger to the public must amount to a determination that he has some sort of mental illness; that when such a determination has been made, section 2966 of the California Penal Code allows him to demand a jury trial on the issue of his dangerousness; and that denying him the jury trial violates his due process rights.

The federal ground for petitioner's claim is unclear, but in any event the predicate for the claim, that section 2966 entitles him to a hearing or jury trial on his current dangerousness, is frivolous. Section 2966 is contained in Article 4 of the Penal Code, which is entitled "Disposition of Mentally Disordered Prisoners upon Discharge." Section 2966 provides a mechanism for a prisoner to obtain a hearing on whether he "meets the criteria in section 2962." Cal. Penal Code § 2966(a). Section 2962, in turn, provides that under carefully-defined circumstances involuntary treatment for mental illness, ordinarily as an inpatient, may be required as a condition of parole or upon termination of parole. *Id.* at §§ 2962, 2964, 2970. That is, the article is applicable only *after* it is determined that the

2

mentally-ill prisoner should be paroled, which admittedly in the current climate is unlikely, and allows such prisoners to be involuntarily committed, even after parole has expired. The section of the article upon which petitioner relies, 2966, allows prisoners to whom the involuntary commitment provision has been applied to obtain a hearing, or a jury trial, on whether they require such commitment under the standards set out in the article.

The article by its terms applies only after it has been determined to parole the prisoner, so it does not apply to petitioner, and there can be no cognizable federal claim involving its application. Petitioner thus has failed to "state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). The petition will be summarily dismissed. *See Calderon (Nicolaus)*, 98 F.3d at 1108.

**CONCLUSION**

For the reasons set out above, the petition is **DISMISSED**. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: April 28, 2008.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.08\STAICH2068.DSM.wpd

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


IVAN VON STAICH,

        Petitioner,

  v.

BEN CURRY et al,

        Respondent.

Case Number: CV08-02068 PJH

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 29, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Ivan Von Staich E-10079
Correctional Training Facility-Central
CW-137L
P.O. Box 689
Soledad, CA 93960

Dated: April 29, 2008

Richard W. Wieking, Clerk
By: Nichole Heuerman, Deputy Clerk